UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR AN INVESTIGATION INVOLVING MISUSE OF AUTHORITY AND ILLEGAL COLLECTION OF PAYMENT | ML No: 21-880 |

*Reference:*   DOJ Ref. # CRM-182-77782

### APPLICATION OF THE UNITED STATES FOR AN ORDER FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Linda Otani McKinney, Deputy Associate Director, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Bosnia and Herzegovina. In support of this application, the United States asserts:

### RELEVANT FACTS

1. The Central Authority of Bosnia and Herzegovina, the Ministry of Justice, submitted a request for assistance (the Request) to the United States, pursuant to the principles of comity and reciprocity. As stated in the Request, the Tuzla Canton Prosecution Office, in Bosnia and Herzegovina, is investigating Denis Prcic, President of the American University in Bosnia and Herzegovina (AU BiH), for misuse of authority and illegal collection of payment, which

occurred from approximately March 2020 through October 2020, in violation of Bosnian law; specifically, Article 383 (misuse of position and authority) and Article 390 (illegal collection of payment) of the Criminal Code of Bosnia and Herzegovina. Although the United States has no treaty obligation to assist Bosnia and Herzegovina, it generally does so as a matter of comity.

2. According to authorities in Bosnia and Herzegovina, on or about March 1, 2020, AU BiH President Denis Prcic, sent an e-mail soliciting payment from University students, in the amount of BAM 1,500 (approximately $887 USD), for recognition of their diplomas in the United States. In his e-mail, Prcic stated that the payment was for re-accreditation of AU BiH.

3. In June and July 2020, diplomas in both the English and Bosian languages were prepared and signed for all students who had successfully completed their programs, but were not given to 59 students who did not pay the re-accreditation fee. These students, who failed to pay the re-accreditation fee, were also prevented from accessing their official data regarding the exams they had passed and their study at AU BiH.

4. Investigation has revealed that the re-accreditation fee is not provided for in any AU BiH internal documents or contracts with students. Additionally, during a search of AU BiH, a notice was uncovered, showing that AU BiH had withdrawn from the re-accreditation procedure. The notice was dated October 30, 2020, signed by AU BiH President Prcic, and addressed to the Accredting Council for Independent Colleges and Schools, in Washington, DC, in the United States. As a result, Bosnian authorities believe that the request for payment was intended solely for material gain by AU BiH.

5. In furtherance of this investigation, authorities in Bosnia and Herzegovina have asked U.S. authorities to obtain records from and statements by a representative of the Accrediting Council for Independent Colleges and Schools.

## LEGAL BACKGROUND

6. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*             \*             \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*             \*             \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3] Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

---

authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

9. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## **REQUEST FOR ORDER**

10. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, in Bosnia and Herzegovina and seeks assistance in the investigation of misuse of authority and illegal collection of payment—criminal offenses in Bosnia and Herzegovina. The requested Order is necessary to execute the Request, and the assistance requested, i.e., production of business records and witness interviews, falls squarely within that contemplated by Section 3512. Finally, this application was properly filed in the District of Columbia.

11. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

12. When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal

investigations and/or prosecutions.  Because subpoenas used in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients.  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

13. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Linda Otani McKinney, Deputy Associate Director, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending

request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                              Respectfully submitted,

                              VAUGHN A. ARY
                              DIRECTOR
                              OFFICE OF INTERNATIONAL AFFAIRS
                              OK Bar Number 12199

By:    _____
           Linda Otani McKinney
           Deputy Associate Director
           D.C. Bar Number 416548
           Office of International Affairs
           Criminal Division, Department of Justice
           1301 New York Avenue, N.W.
           Washington, D.C. 20530
           (202) 353-0346
           *Linda.McKinney@usdoj.gov*